LOUIS RAPP *et al.,* Respondents, *against* WILLIAM LIVING-STON, Appellant.

(Decided January 3d, 1888.)

Defendant, by letter to plaintiffs, commission merchants, offered to sell certain goods, and enclosed an order on the proprietor of the ware-house where they were stored.  Plaintiffs, by letter, declined the offer at the terms stated, but proposed modifications of the terms.  Such modifications defendant refused to agree to, and requested a return of his warehouse order.  Plaintiffs did not return the order, but procured the goods thereon and sold them.  *Held,* that the subsequent receipt by defendant of payment for the goods did not revive his previous offer once rejected by plaintiffs, but merely condoned plaintiffs' con-version of the goods, and plaintiffs were not entitled to the commis-sions stipulated in defendant's offer.

APPEAL from a judgment of the District Court in the City of New York for the Seventh Judicial District.

The facts are stated in the opinion.

Rapp *v.* Livingston.

*G. O.* and *L. S. Hulse*, for appellant.

*J. A. Cantor*, for respondents.

PER CURIAM. — [Present, VAN HOESEN and BOOK-STAVER, JJ.] — This action was brought to recover commissions on an alleged sale of merchandise, not by the plaintiffs, but by the defendant himself; and the claim is based upon a letter sent to plaintiffs by defendant, dated November 4th, 1886, as follows: "Gents, I have sold for November shipment 200 cases Boiled Beef 12–6, stored at P. J. Dean & Co.'s warehouse, at $3.75 per dozen, subject to examination and all unmerchantable and any imperfect tins to be rejected; also give you refusal at same price of about 390 cases, less any bad or doubtful tins, for six months from date with the privilege of selling them in the interim, allowing you 5% com." Enclosed with the letter, was an order on P. J. Dean & Co. for the 200 cases mentioned in it and bearing even date with the letter.

This letter was a mere offer on defendant's part to sell, etc.; and, before it could be binding on both parties, required an acceptance on the part of the plaintiffs (*Anderson* v. *Read*, 9 Cent. Rep'r 243).

Instead of accepting the offer, the plaintiffs, on the 6th of November, 1886, wrote defendant that "unless you are disposed to ship us the 200 cases bought of you November 4th, 1886, and allowing at least 20 per cent. margin to remain in our hands until the goods are re-examined in Liverpool, we must decline to accept of same in accordance with contract note of November 4th, 1886."

Again, on the 10th of November, plaintiffs wrote defendant that "before accepting of the 200 cases, we wish a letter from you to the following effect, you holding yourself liable to honor any claim within two months after shipment for any imperfection of the said parcel, or leave a margin to cover any just claim," etc.

On the 11th of November, the defendant refused to agree to the proposed modifications, and demanded the return of

the order on P. J. Dean & Co., and also the order of November 4th.

From this it clearly appears defendant's offer was never accepted by plaintiffs; and that the former withdrew it on the 11th of November. The testimony does not show that afterwards any new offer was made by defendant to plaintiffs; and consequently there is no foundation for plaintiffs' claim. The fact that plaintiffs did not return the order on defendant's demand, but took out of the warehouse the 200 cases under it, and that the defendant subsequently received payment for these, does not revive an offer once rejected. At most, it condoned a conversion of his goods by plaintiffs.

The judgment should be reversed and a new trial ordered, with costs to the appellant.

Judgment reversed and new trial ordered, with costs.